IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Cr. No. 10-1445 RB |
| ) | |
| **JAMES W. LANKFORD,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant James W. Lankford's Motion to Reveal the Identity of a Confidential Informant. (Doc. 63.) Defendant argues that the confidential informant in the case at hand may have actively participated in or witnessed acts underlying the prosecution and may therefore have exculpatory evidence with regards to Defendant; consequently, Defendant requests that the Court order the government to produce the confidential informant, or in the alternative, hold an in camera hearing to determine what evidence the informant may possess. Having carefully considered the parties' filings, the relevant case law, and the evidence presented at the hearing on October 4, 2010, the Court denies Defendant's motion.

**I.     BACKGROUND**

On February 16, 2010, Sgt. Arthur De La Garza of the Lordsburg Police Department informed officers coming on duty for the graveyard shift that evening that he had received reliable information based on a tip from a known confidential informant that Michael Jones, accompanied by an individual named Jake, would be transporting methamphetamine from Tucson, Arizona in a white Ford F-150 pickup truck with a large dent in the passenger side, and arriving in Lordsburg later that day.  At approximately 12:55 a.m. on February 17, 2010, Officer Scott Esquivel of the

Lordsburg Police Department saw a truck matching this description. Officer Esquivel noticed that the driver was having difficulty maintaining his lane, and he stopped the vehicle. Based on their observations during the traffic stop and the tip from the confidential informant, Officer Esquivel and Sgt. Arthur De La Garza, also of the Lordsburg Police Department, determined that Defendant and Mr. Jones were likely transporting methamphetamine. The officers therefore seized Defenant's truck and had it towed to the Lordsburg Police Department until a search warrant could be obtained. Upon searching the vehicle, the officers found 70.31 grams of methamphetamine in the truck's bed.

Defendant believes that the confidential informant may have been a party to the drug transaction in Tucson when the drugs were obtained and may be able to give evidence that Defendant was not part of the purchase of methamphetamine or part of a drug trafficking organization, but was merely a passenger in the truck. The government, however, has stated that it has no information that the confidential informant was a witness to the traffic stop, or that the confidential informant has any exculpatory information regarding Defendant, and it does not plan to call the confidential informant as a witness at trial.

Additionally, the exculpatory value of any testimony by the confidential informant concerning the drug transaction is very minimal because Defendant made several incriminating statements to police concerning his involvement in the transaction following his arrest. Defendant admitted that Mr. Jones paid him $100 to use his truck to transport the methamphetamine from Tucson, Arizona to Lordsburg, New Mexico, and that he accompanied Mr. Jones to an apartment complex in Tucson to purchase the meth. At the complex, Defendant explained that Mr. Jones went inside and met someone named Juan. When he returned, Mr. Jones hid the meth in the back of the pick-up. Defendant further stated that he had allowed Mr. Jones to use his truck several times in the past for the same purpose.

## II. ANALYSIS

The government has the privilege to withhold the identity of informants to protect the public's interest in effective law enforcement. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. The scope of this privilege, however, is limited. *Id*. at 60. For instance, this privilege must always give way to the fundamental requirement of a fair trial. *Id*. Thus, where "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60–61.

The Court must determine whether the privilege applies on a case-by-case basis, balancing the public's interest in protecting the flow of information necessary for effective law enforcement against the defendant's right to prepare his defense. *Id*. at 62. The Court should consider the particular circumstances of the case, including the crimes charged, possible defenses, and the potential significance of the informant's testimony. *Id*. While an informant's identity should be disclosed if it might be relevant to Defendant's case and justice would best be served by disclosure, an informant need not be disclosed where the evidence is merely cumulative or where the informant did not participate or witness the crime in question. *See United States v. Brantley*, 986 F.2d 379, 383 (10th Cir.1993); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000–01 (10th Cir.1992) (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir.1986)). Ultimately, the defendant seeking disclosure has the burden of proof to show the need for disclosure. *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir.1997); *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992).

Defendant failed to make this showing in the case at hand. Defendant argues that the

informant may be able to provide information that Defendant did not participate in the purchase of methamphetamine, was not part of a drug trafficking organization, and was merely a passenger in the truck.  The Court, however, denied Defendant's motion to suppress his inculpatory post-arrest statements to police (Doc. 82); therefore, any testimony by the confidential informant with regard to Defendant's role in the conspiracy would be largely irrelevant and of little probative value in light of Defendant's admissions.  "When it is clear the informant cannot aid the defense, the government's interest in keeping secret his identity must prevail over the defendant's asserted right of disclosure." *Martinez*, 979 F.2d at 1429.  Accordingly, Defendant has failed to carry his burden of proof to show the need for disclosure of the confidential informant, and the Court must deny Defendant's Motion to Reveal the Identity of a Confidential Informant.

**WHEREFORE,**

    **IT IS HEREBY ORDERED** that Defendant's Motion to Reveal the Identity of a Confidential Informant (Doc. 63) is **DENIED**.

 

_____
**ROBERT BRACK**
**U.S. DISTRICT COURT JUDGE**